IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOUSTAFA KHALIL | : | |
| | : | |
| v. | : | Civil No. CCB-09-158 |
| | : | |
| SUBWAY AT ARUNDEL MILLS OFFICE PARK, INC., et al. | : | |
| | : | |

## MEMORANDUM

Moustafa Khalil has sued his former employer, Samih Ibrahim, for unpaid wages, liquidated damages, and attorneys fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), M<small>D</small>. C<small>ODE</small> A<small>NN</small>., L<small>AB</small>. & E<small>MPL</small>., §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), M<small>D</small>. C<small>ODE</small> A<small>NN</small>., L<small>AB</small>. & E<small>MPL</small>., §§ 3-501, *et seq*. Now pending before the court is the plaintiff's motion for summary judgment. For the reasons stated below, the plaintiff's motion will be denied.

## BACKGROUND

Mr. Khalil alleges that he was employed by Mr. Ibrahim from March 1, 2006 to approximately April 30, 2007 at the Subway franchise restaurant in Arundel Mills, Maryland. During this time, Mr. Khalil alleges that he worked an average of sixty hours per week for the entire course of his employment for which he was paid at the rate of $8.00 per hour for hours worked up to forty hours per week, but that he was paid nothing for overtime hours worked. (*See* Pl.'s Mot. for Summ. J. at 2.) Mr. Khalil further alleges that Mr. Ibrahim promised to pay him an

1

additional $400 bonus at the end of each month for his continued employment, but he was never paid. (*See id.*)

Mr. Khalil filed this action against Mr. Ibrahim on January 26, 2009. On August 6, 2010, Mr. Khalil filed a motion for summary judgment. Mr. Ibrahim, proceeding pro se, has filed a "declaration" in response.

## **ANALYSIS**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court must also abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Mr. Khalil has not met his burden of showing that there is no factual dispute in this case. The plaintiff cites to Mr. Khalil's affidavit to support the allegation that Mr. Khalil was underpaid pursuant to the FLSA, the MWHL, and the MWPCL. (*See* Pl.'s Mot. for Summ. J. at 2-3 (citing Khalil Aff.)) The plaintiff provides no other evidence in the record to support his position. If Mr. Khalil's affidavit were uncontested, then the plaintiff might be entitled to summary judgment. That is not the case here. In response to Mr. Khalil's motion for summary judgment, Mr. Ibrahim filed his own "declaration" that raises several factual disputes material to this case.[1] First and foremost, there is a factual dispute regarding whether Mr. Ibrahim qualifies as the plaintiff's employer for the purposes of the FLSA, the MWHL, and the MWPCL.

A.  **FLSA & MHWL**

The FLSA provides a broad definition for the term "employer" to effectuate the FLSA's remedial purposes. *See Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006); *Jacobson v. Comcast Corp.*, -- F. Supp. 2d --, 2010 WL 3769120, at *3 (D. Md. 2010) (citing *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983). Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The MWHL, the state's equivalent of the FLSA, *see Watkins v. Brown*, 173 F. Supp. 2d 409, 416 (D. Md. 2001), provides a similarly

---

[1]  Mr. Ibrahim's declaration does not state that it was given under penalty of perjury. However, the notice sent to Mr. Ibrahim by the Office of the Clerk informing him of the right to respond to the plaintiff's motion defines a declaration as a "statement made subject to the penalty of perjury under 28 U.S.C. § 1746." (*See* ECF No. 33.) Because Mr. Ibrahim, who is pro se, titled his response a "declaration," the court will consider his declaration as a

broad definition for the term "employer" as including any "person who acts directly or indirectly in the interest of another employer with an employee." MD. CODE ANN., LAB. & EMPL., § 3-401. To determine whether a particular individual is an "employer" under both the FLSA and the MWHL, courts apply an "economic reality" test. *See Schultz*, 466 F.3d at 304, *Runnels v. Newell*, 944 A.2d 1183, 1216 (Md. Ct. Spec. App. 2008), *rev'd on other grounds*. An "employer" under this test generally is someone who (1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3) determines the rate and method of payment; and (4) maintains employment records. *See Jacobson*, -- F. Supp. 2d --, 2010 WL 3769120, at *3; *Taylor v. County of Fluvanna, Virginia*, 70 F. Supp. 2d 655, 658 (W.D. Va. 1999). Under this test, no one factor is dispositive, and courts should consider the totality of the circumstances. *See Taylor*, 70 F. Supp. 2d at 658.

Here, Mr. Ibrahim was employed as the "general manager" of the Subway at the Arundel Mills Office Park. He was not the owner or president of the store. (*See* Ibrahim Decl. ¶ 2.) Mr. Ibrahim does not dispute that he had the authority to hire and fire employees, including Mr. Khalil.[2] He, however, denies that he was Mr. Khalil's supervisor for the entire time Mr. Khalil was employed at the Subway and contends that he was not responsible for maintaining employment records for the restaurant. (*See id.* at ¶ 5-6.) Because Mr. Ibrahim was not an officer and disputes the scope of his managerial responsibilities, the court cannot conclude that he was Mr. Khalil's employer for the purposes of the FLSA or the MWHL at this time. Furthermore, Mr. Ibrahim also disputes whether Mr. Khalil was actually employed at the Subway for 64

---

sworn statement under the penalty of perjury as defined in the Clerk's notice. In the future, Mr. Ibrahim will be required to state specifically that any declaration is made under the penalty of perjury.
[2]    Mr. Ibrahim's declaration does not address this issue.

weeks, contends that Mr. Khalil was paid for all of the time he worked, and denies that he promised Mr. Khalil a $400 monthly bonus on top of his hourly wage. (*See id.* ¶ 1, 3, 4.) These facts are material to the questions of liability and damages and are disputed by the parties. Accordingly, the court cannot grant summary judgment to the plaintiff on either his FLSA or MWHL claims at this time.

### B. MWPCL

The MWPCL defines that term "employer" to include "any person who employs an individual in the State or a successor of the person." MD. CODE ANN., LAB. & EMPL., § 3-501(b). The MWPCL thereby excludes from the definition of "employer" those individuals who work indirectly in the interests of another employer. Thus, the MWPCL provides a narrower definition of the term "employer" than either the FLSA or the MWHL. *See Watkins*, 173 F. Supp. 2d at 415. At least one court in this district has held that the plain language, general purpose, and clear intent of the MWPCL do not support the interpretation of the word "employer" to include a "mere supervisor of another employee." *Id.* at 415-16. In *Watkins*, the court explained that "[t]he notion that a supervisor of an employee (who himself is paid a wage by the employer) is somehow responsible for the payment of wages to another employee whom he supervises is inconsistent with the plain language of the statute." *Id.* at 414. Here, Mr. Khalil contends that Mr. Ibrahim was more than just a supervisor because he personally promised that Mr. Khalil would receive an additional bonus at the end of each month. (*See* Pl.'s Mot. for Summ. J. at 8.) Even if Mr. Khalil is correct that the promise to pay an employee an additional bonus renders a supervisor an "employer" under the MWPCL, Mr. Ibrahim denies that he ever made such a promise. (*See* Ibrahim Decl. ¶ 4.) Moreover, Mr. Ibrahim disputes whether Mr. Khalil was

underpaid for his employment. (*See id.* ¶ 3.) Thus, the court cannot grant summary judgment on the plaintiff's MWPCL claim.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for summary judgment will be denied. A separate Order follows.

January  24, 2011                                                          /s/
Date                                                                         Catherine C. Blake
                                                                                United States District Judge